**UNITES STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 04-50163

VERSUS          JUDGE S. MAURICE HICKS, JR.

DANIEL J. FALANGA          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**I.    BACKGROUND**

Before the Court is the "Government's Notice of Intent to Offer 404(b) Evidence." See Record Document 37. The notice relates to evidence pertaining to Defendant Daniel J. Falanga's alleged "efforts to cover up the misuse and misapplication of funds by a contractor receiving federal funds, as well as his efforts to cover up the mismanagement of the Flood Hazard Mitigation Program by the Louisiana Office of Homeland Security and Emergency Preparedness (LHSEP)." Id. at 1. Specifically, the Government intends to introduce certain statements made by Defendant wherein he allegedly acknowledged that he had intentionally submitted reports containing false information to FEMA, he had misled the grand jury, and that he had included false information in a response he drafted and submitted to the Office of the Legislative Auditor. See id. at 1-2.

The Government first argues that the aforementioned evidence is intrinsic to the crime charged; thus, Federal Rule of Evidence 404(b) is inapplicable. See id. at 2. In the alternative, the Government argues that the evidence is admissible under Rule 404(b) to show Defendant's intent and motive. See Record Documents 37 & 51.

The defense argues against the admissibility of evidence pertaining to Defendant's alleged efforts to cover up the misconduct of a contractor receiving federal funds and to

cover up the mismanagement of the Flood Hazard Mitigation Program. Defendant contends that such evidence is not intrinsic and, further, that the evidence is not admissible under Rule 404(b) because it is simply the Government's effort to establish that he had the propensity to commit the crime charged in the indictment. See Record Document 47. Defendant argues that the aforementioned statements have no independent relevance in a perjury case, as compared to case wherein Defendant was charged with fraud or misapplication of funds. See Record Document 47. Finally, in the alternative, the defense argues that even if the evidence is admissible under Rule 404(b), it is inadmissible under Rule 403 due to its prejudicial nature. See Record Document 47.

## II. LAW AND ANALYSIS

Federal Rule of Evidence 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Rule 404(b) does not bar intrinsic evidence that completes the story of a crime. While the Court is somewhat receptive to the Government's argument that Defendant's conduct and statements are intrinsic to the crime charged in the indictment, out of an abundance of caution, this Court will proceed to an analysis under Rule 404(b).[1]

---

[1]Defendant also addresses the sufficiency of the Government's notice in his "Response to Government's Notice of Intent to Offer 404(b) Evidence." See Record Document 47 at 2-3. This issue cannot be fully addressed until the Government presents its Rule 404(b) evidence during trial; however, the Court notes that Rule 404(b) requires only that the Government "provide reasonable notice in advance of trial . . . of the **general**

In United States v. Beechum, 582 F.2d 898, 911 (5 Cir. 1978), the Fifth Circuit set forth a two-step test to determine admissibility under Rule 404(b): (1) whether the extrinsic offense evidence is relevant to an issue other than the defendant's character; and (2) whether the evidence possesses probative value that is not substantially outweighed by its undue prejudice and meets the other requirements of Rule 403. The first prong is essentially governed by Rule 401, which deems evidence relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Beechum, 582 F.2d at 911. The Fifth Circuit has also held that the relevance of extrinsic offense evidence is a function of its similarity to the offense charged – it is enough that the extrinsic and charged offense have a common characteristic which is significant or material to the purpose for which the extrinsic offense is offered. See id. A predicate to a determination that the extrinsic offense is relevant is proof demonstrating that the defendant committed the offense. See id. at 911, 913. "The judge need not be convinced beyond a reasonable doubt that the defendant committed the extrinsic offense, nor need he require the Government to come forward with clear and convincing proof. The standard for the admissibility of extrinsic offense evidence is that of rule 104(b) – the preliminary fact can be decided by the judge against the proponent only where the jury could not reasonably find the preliminary fact to exist." Id. at 913.

Under the second prong, the Court must analyze the evidence under Rule 403. "The central concern of rule 403 is whether the probative value of the evidence sought to

---

***nature of any such evidence*** it intends to introduce at trial." (emphasis added).

be introduced is 'substantially outweighed by the danger of unfair prejudice.'" Id. at 913. This task calls for a commonsense assessment of all the circumstances surrounding the extrinsic offense. See id. at 914. "In measuring the probative value of the evidence, the [Court] should consider the overall similarity of the extrinsic and charged offenses. . . . the probative value of the extrinsic offense correlates positively with its likeness to the offense charged." Id. at 915. The final balancing of the probative value of the extrinsic offense evidence and the risk of undue prejudice is a matter within the sound discretion of the trial judge. See id. In making this determination, the Court "should also consider how much time separates the extrinsic and charged offenses: temporal remoteness depreciates the probity of the extrinsic offense." Id.

As evidenced by the plain language of Rule 404(b), evidence of other crimes, wrongs and acts is admissible to show motive and/or intent. In this case, the Court finds that the extrinsic offense evidence at issue in this case is admissible under Rule 404(b). The evidence the Government seeks to introduce not only reflects on Defendant's intent to cover up the miscues of a contractor receiving federal funds, as well as his efforts to cover up the mismanagement of the Flood Hazard Mitigation Program, but also his motive in making false declarations to the grand jury – his desire to continue the cover up. Under the first prong of the Beechum test, the extrinsic offense evidence in this case is relevant to establish both the intent and motive behind the crime charged in the indictment. Further, after reviewing the agent's report, which is attached to the Government's notice as Exhibit 1, the Court finds that the "preliminary fact" requirement of Rule 104 has been met. As for the second prong of the Beechum test, the Court finds that exclusion is not warranted here.

This is simply not an instance where the Court "believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." United States v. Phillips, 219 F.3d 404, 420 (5th Cir. 2000); see also Huddleston v. United States, 485 U.S. 681, 685, 108 S.Ct. 1496, 1499 (U.S.1988) (stating that "extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct). Thus, the instant extrinsic act evidence is not excludable under Rule 403.

Accordingly, the Court finds that the extrinsic act evidence in this case meets the requirements of the two-step Beechum test and is admissible under Rule 404(b).

### III. CONCLUSION

The Court notes that while it was receptive to the Government's argument that Defendant Daniel J. Falanga's conduct and statements are intrinsic to the crime charged in the indictment, out of an abundance of caution, this Court proceeded to an analysis under Federal Rule of Evidence 404(b). Based on that analysis, the Court finds that evidence of Defendant's efforts to cover up the misuse and misapplication of funds by a contractor receiving federal funds, as well as his efforts to cover up the mismanagement of the Flood Hazard Mitigation Program by the Louisiana Office of Homeland Security and Emergency Preparedness (LHSEP) is admissible under Rule 404(b) to show Defendant's motive and intent. Such evidence includes statements made by Defendant to federal agents during an interview on August 12, 2004, and statements made by the Defendant

wherein he acknowledged that he misled the Grand Jury and included false information in a response that he drafted and submitted to the Office of the Legislative Auditor. Further, as encompassed by the second prong of the Beechum test, the Court finds that the extrinsic offense evidence in this case is not excludable under Federal Rule of Evidence 403, as this is not a case where there is a genuine risk that the emotions of the jury will be excited to irrational behavior.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this the 2nd day of March, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE